E-FILED
Monday, 01 June, 2026  11:32:12 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| NATHAN RICH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26-3171 |
| | ) | |
| JOE ROESCH, *et al.*, | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and currently incarcerated at Graham Correctional Center, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1). The Court must "screen" Plaintiff's Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient, however. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### ALLEGATIONS

Plaintiff files suit against Sangamon County Circuit Clerk Joe Roesch. Plaintiff alleges Defendant Roesch refused to file his mandamus petition under 735 ILCS 5/14-101 on April 7, 2026. As a result, Plaintiff asserts Defendant Roesch denied him access to the court system. Plaintiff states his mandamus petition requests "a new out date" and to be released on the day he should be. (Doc. 1 at p. 8).

1

## ANALYSIS

Sangamon County Circuit Clerk Joe Roesch is a state employee. Plaintiff's claim against Defendant Roesch in his official capacity is an impermissible § 1983 suit against the state. *McMurry v. Sheahan*, 927 F. Supp. 1082, 1090 (N.D. Ill. 1996). "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a state." *Id.* (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989); *see also Suarez v. Cook Cnty. Clerk's Off.*, No. 01 C 5830, 2002 WL 31833686, at *2 (N.D. Ill. Dec. 17, 2002) ("Cook County Clerk's Office, operated by David Orr, the Cook County Clerk, lacks a separate and independent existence from its governing elected official and, thus, is a non-suable entity"). Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. Out of an abundance of caution, the Court will allow Plaintiff a FINAL opportunity to file an Amended Complaint within 30 days of this Order.

## MOTION TO REQUEST COUNSEL

Plaintiff filed a Motion to Request Counsel asking the Court to appoint an attorney to represent him. (Doc. 5). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). When evaluating a Motion to Request Counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). Demonstrating a reasonable effort to obtain representation typically requires submitting letters from several attorneys declining assistance and copies of any documents which show Plaintiff tried to find an attorney. *See Olson*, 750 F.3d at 711. Plaintiff has not demonstrated

a reasonable attempt to secure his own lawyer. Because Plaintiff has not satisfied the first prong

of *Pruitt*, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir.

2021). Plaintiff's Motion is DENIED, with leave to renew. If Plaintiff renews his Motion, he is

directed to attach copies of letters he sent to or received from prospective counsel, list the attorneys

or law firms he contacted, and indicate whether he received a response.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this Order to file an Amended Complaint. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's original Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

2) The Clerk is directed to send Plaintiff a blank section 1983 complaint form.

3) Plaintiff's Motion to Request Counsel [5] is DENIED.

ENTERED:  June 1, 2026

s/ Michael M. Mihm

Michael M. Mihm
United States District Judge

3